UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY BURNS., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-00990 MAL |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants, Officers Williams and Ingram's, Motion for Leave to File Answer Out of Time, Doc. 47. In this case, Plaintiff Ashley Burns claims that the City of St. Louis (City), Officer Williams, and Officer Ingram violated her rights by placing her alone in a cell with a male sex offender who subsequently sexually assaulted her.

The City filed a motion to dismiss. On November 22, 2025, the Court granted the motion in part and denied it in part. Doc. 41. The allegations against the City were dismissed, leaving the case to proceed against Officers Williams and Ingram. Under the federal rules, Officers Williams and Ingram had until December 8, 2025, to file their answer. Fed. R. Civ. P. 12(a)(4)(A). They failed to do so. On January 23, 2026, Officers Williams and Ingram filed the instant Motion for Leave to File Answer Out of Time, Doc. 47. They claim the failure to file their answer on time was the result of "inadvertently missing the deadline." Doc. 47. Burns has not filed a response to this motion and the time to do so has passed. For the following reasons, the Court **GRANTS** Defendant's Motion for Leave to File Answer Out of Time, Doc. 47.

### I.    Legal Standard for Extensions of Time After Time Expires

Rule 6(b) states in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" on a party's motion "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010) (internal quotation marks omitted). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Spirit Lake Tribe v. Jaeger,* 5 F.4th 849 (8th Cir. 2021).

1

When the decision may foreclose adjudication on the merits, Courts also consider the existence of a meritorious defense. *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781 (8th Cir. 2001). In these situations where the judicial disfavor for default positions is implicated, it is improper for the Court to primarily focus on the reason for the delay. *Chorosevic* 600 F.3d at 947.

## II. Application of Law to Facts

With respect to the first element, prejudice, the Court finds that any prejudice to Burns is minimal. Burns has not filed a response to the motion or otherwise indicated that she was prejudiced by the delay. The Court further notes that this error was brought to the Court's attention by Officers Williams and Ingram. With respect to the second element—the length of the delay—was short (51 days). With respect to the third element—the reason for the delay—Officers Williams and Ingram claim the delay was caused by a simple mistake. While not particularly compelling, this is not fatal. With respect to the fourth element, the Court believes that Officers Williams and Ingram acted in good faith. They made an inadvertent mistake and brought it to the Court's attention after realizing what had happened. Finally, Officers Williams and Ingram may well have a meritorious defense, and denying their motion will prevent them from presenting it.

For these reasons, this Court grants Officers Williams and Ingram's Motion for Leave to File Answer Out of Time. They have until February 16, 2026, to separately file the proposed answer attached to the motion.

\*          \*          \*

**IT IS HEREBY ORDERED** that the Motion for Leave to File Answer Out of Time, Doc. 47, is **GRANTED.** Defendants have until February 16, 2026, to separately file the proposed answer attached to their motion.

Dated this 10th day of February 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE